IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-cv-270


SUI HING TSENG, a/k/a JOHN SUI TSENG,

Plaintiff,

vs.

UNITED OF OMAHA LIFE INSURANCE
COMPANY,



Defendant.

COMPLAINT


Plaintiff, Sui Hing Tseng, by and through counsel, states as his Complaint the following:

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

2. This is an action for payment of long-term disability ("LTD") insurance benefits and enforcement of ERISA rights pursuant to 29 U.S.C. §1132.

## THE PARTIES

3. Plaintiff, Sui Hing Tseng, a/k/a Jon Sui Tseng ("Plaintiff" or "Mr. Tseng"), is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

4. Upon information and belief, United of Omaha Life Insurance Company (hereinafter, "Omaha") is an insurance company domiciled in Nebraska, and doing

business throughout the United States, including, *inter alia*, substantial activity within this judicial district.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under ERISA with respect to Plaintiff's ERISA claims without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. § 1132(a), (e)(1) and (f) and 28 U.S.C. § 1331.

6. Plaintiff is entitled to bring this action as a Plan Participant within the meaning of ERISA, 29 U.S.C. § 1002(7).

7. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## MR. TSENG'S DISABILITY CLAIM

8. At all times relevant to this action, Mr. Tseng was employed full-time as a Pricing Analyst at Chiquita Brands International, Inc.

9. Based on his employment and participation in the Chiquita Brands International, Inc. Plan (hereafter "Plan"), at all times relevant to this action Mr. Tseng was insured under a group policy or policies providing LTD insurance benefits (hereafter "Policy").

10. On information and belief, Omaha is the insurance company that both administers and insures all of the benefits owed to Plaintiff under the Plan and/or Policy.

11. On information and belief, Omaha is solely responsible for making all benefit determinations and for paying and providing all benefits under the Plan and/or Policy from Omaha's own funds.

2

12. The Policy provides that Omaha will pay Mr. Tseng a monthly disability benefit through his normal Social Security Normal Retirement Age.

13. At all times relevant to this action, Mr. Tseng has suffered from disabling medical conditions, including but not limited to severe lumbar radiculopathy and peripheral neuropathy; which cause him debilitating symptoms and which markedly limit his activities and preclude him from performing the material and substantial duties of his regular occupation or any gainful occupation for which he is reasonably fitted by education training or experience.

14. Mr. Tseng submitted to Omaha voluminous evidence documenting his disability and his inability to perform the material and substantial duties of his regular occupation or any gainful occupation for which he is reasonably fitted by education, training, or experience, including without limitation: medical records documenting medical conditions and impairments, statements from his treating physicians supporting his disability and sworn testimony.

15. Mr. Tseng provided credible evidence of his disability to Omaha such that the only reasonable conclusion from all of the evidence is that he is disabled and that he is entitled to benefits under the Policy.

16. Mr. Tseng timely applied for benefits under the terms of the LTD Policy.

17. Omaha initially approved Mr. Tseng's claim and determined that he was disabled under the terms of the Plan.

18. By way of letter dated May 22, 2024, Omaha terminated Mr. Tseng's claim for LTD benefits and contended that he was no longer disabled.

19. Through counsel, Mr. Tseng timely submitted to Omaha a request for an

3

appeal review of the LTD denial.

20.     Mr. Tseng has provided credible evidence of his disability to Omaha such that the only reasonable conclusion is that he meets the definition of disabled under the LTD Policy.

## OMAHA'S UNREASONABLE BENEFIT DETERMINATIONS

21.     At all times relevant to this action, Mr. Tseng has been disabled under the Policy and entitled to benefits as specified in the Policy.

22.     Omaha's adverse decision to deny Mr. Tseng's benefits is grossly wrong, without basis, and contrary to the evidence before it.

23.     Omaha's adverse decision is unreasonable, is not based on substantial evidence, is not the result of a deliberate, principled reasoning process, and constitutes an erroneous determination.

24.     Omaha did not maintain reasonable claim procedures or provide a full and fair review of Mr. Tseng's claim as required by ERISA.

25.     Instead, Omaha acted only in its own pecuniary interest and violated the Policy and ERISA through its unreasonable conduct described herein.

26.     Omaha's unreasonable conduct includes, but is not limited to the following acts:

   a.  conducting a review of Mr. Tseng's claim in a manner calculated to reach the desired result of denying benefits;

   b.  consulting biased medical personnel whom Defendant suspected or knew would render opinions favorable to Defendant;

4

c. ignoring competent evidence of Mr. Tseng's disability and without any credible contrary evidence;

d. failing to evaluate or adequately evaluate Mr. Tseng's medical conditions, restrictions and limitations;

e. failing properly to consider and credit the records and medical opinions of Mr. Tseng's treating physicians without any credible contrary evidence or medical examination of Mr. Tseng;

f. imposing requirements to receive benefits that are not required by the Policy; and,

27. Omaha had an inherent and substantial conflict of interest in administering Mr. Tseng's claim, by virtue of the fact that Omaha is both the insurer of the Policy and payor of benefits, as well as the decision maker on whether benefits should be paid.

28. Accordingly, Omaha has a pecuniary interest in denying claims under the Policy.

29. Omaha's pecuniary interest in denying claims under the Policy extends to Mr. Tseng's claim.

30. The Plan Administrator has not issued a valid plan document granting Omaha discretionary authority to determine eligibility for benefits or to construe the terms of the Plan or Policy.

31. Any purported discretionary clause is void by law.

32. Omaha failed to provide Mr. Tseng with a full and fair review, and therefore is not entitled to any purported discretion with respect to its denial of Mr.

5

Tseng's claim.

33. The Court should review Omaha's adverse decisions on Plaintiff's claim under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed 2d 80, 95 (1989).

34. In the alternative, Omaha's adverse decision on Plaintiff's claim constitutes an abuse of discretion.

## CLAIM FOR RELIEF

35. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully set forth below.

36. As more fully described above, Mr. Tseng has exhausted all claim review procedures and administrative remedies to the extent required.

37. As more fully described above, the conduct of Omaha constitutes a breach of its obligations under the Policy and ERISA.

38. Mr. Tseng brings this action against Omaha pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover benefits and to enforce his rights under the LTD Policy and ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court:

1. hold a bench trial to determine all issues of fact;

2. enter judgment in favor of Plaintiff, finding that Mr. Tseng has been entitled to LTD benefits since the date of Omaha's denial and continuing through the present, and order that Defendant shall provide all LTD and any other benefits due to Plaintiff,

6

3.  award Plaintiff any further relief to which he is entitled to under the Policy, ERISA and otherwise;

4.  order Defendant to pay to Plaintiff such prejudgment interest as allowed by law;

5.  order Defendant to pay Plaintiff's costs of litigation and any and all other reasonable costs and damages permitted by law;

6.  order Defendant to pay attorney's fees for Plaintiff's counsel; and

7.  that Plaintiff shall receive such further relief against Defendant as the Court deems equitable, just and proper.

Respectfully submitted, this 5th day of April, 2026.

THE SASSER LAW FIRM, P.A.

By: /s/Rachel C. Matesic
Rachel C. Matesic
N.C. Bar No. 50156
Suite 350, 1011 E. Morehead Street
Charlotte, North Carolina 28204
Tel: (704) 342-4200
Fax: (704) 342-0798
Email: rmatesic@sasserlawoffice.com

7